# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARY JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-264 |
| | § | |
| NATIONS DIRECT MORTGAGE, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Nations Direct Mortgage, LLC's ("Nations Direct") motion to dismiss (Dkt. 4) plaintiff Mary Jackson's ("Jackson") petition (Dkt. 1-1, Ex. B-1). Jackson has not responded. This motion is ripe for consideration. Having considered the motion and the applicable law, the court finds the motion (Dkt. 4) should be **GRANTED**.

## I. BACKGROUND

According to Jackson's petition, on March 30, 2018, Nations Direct issued a loan in the amount of $184,103.00 to Jackson for the purchase of the property known as 21312 Village Crossing Lane, Porter, Texas 77365 ("the Property"). Dkt. 1-1, Ex. B-1 ("Pet.") ¶ 6. As security, Jackson executed a Deed of Trust with Nations Direct. *Id.* ¶ 7. In November of 2018, Jackson and Nations Direct began a loss mitigation refinance on the property. *Id.* ¶ 8. However, on August 6, 2019, Nations Direct sold the Property to itself for $151,200.00. *Id.* ¶ 13. Yet on August 8, 2019, Jackson received a letter from Nations Direct "requesting an appraisal of the Property as part of the loss mitigation refinance process." *Id.* ¶ 9. That same day, Jackson also received another letter from a Jessica Kavanaugh, Government Claims Supervisor, returning a check from Jackson and advising "that a foreclosure sale was held on August 6, 2019 and the funds were 'insufficient to redeem' the

property." *Id.* ¶ 10. On August 12, 2019, Jackson received another letter from Nations Direct stating that "'after further review of the account, we are pleased to inform that your request to postpone the sale has been granted.'" *Id.* ¶ 11. On August 14, 2019, Jackson "received a letter from the law office of Mackie Wolf Zientz & Mann, P.C. indicating her home had already been sold on August 6, 2019." *Id.* ¶ 12 (emphasis removed). Nations Direct then began eviction proceedings. *Id.* ¶ 15.

On December 27, 2019, Jackson instituted this action in the 410th Judicial District Court, Montgomery County, Texas, alleging wrongful foreclosure and violation of the Texas Deceptive Trade Practices Act ("DTPA"). Jackson seeks immediate possession of the Property in addition to damages. Pet. at 6. On January 23, 2020, Nations Direct removed the action to federal court on the basis of diversity jurisdiction. Dkt. 1. On January 24, 2020, Nations Direct moved to dismiss both causes of action for failure to state a claim. Jackson failed to respond by the February 14, 2020 deadline.

## II. LEGAL STANDARD

Local Rule 7.4 provides that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4 (2019). However, the "mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008) (not for publication) (citing *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). The court must still consider the substance of the motion. *See, e.g.*, *Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 448 (S.D. Tex. 2016) (citing *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) ("The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it.")).

On a motion to dismiss, the court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).

### III. ANALYSIS

**A.     Wrongful Foreclosure**

Nations Direct argues that Jackson's wrongful foreclosure claim fails because she has not alleged the second and third elements. Dkt. 4 at 2. The court agrees. "A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011) (Harmon, J.) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008, no pet.)). Here, Jackson has alleged only the first element. Jackson makes no allegations whatsoever regarding the sales price or the connection between the alleged defect in the proceedings and the sales price.[1] Therefore, Jackson's wrongful foreclosure claim must be dismissed. *See Stockstill*, 561 F.3d at 384

---

[1] The court does not reach Nations Direct's argument that the sales price cannot be grossly inadequate as a matter of law (*see* Dkt. 4 at 3) because it is based on a property valuation that was not attached to Jackson's petition and is not properly considered at the motion to dismiss stage. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments.").

("[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.").

**B.     DTPA Claim**

Nations Direct argues that Jackson's DTPA claim fails because she is not a "consumer" within the meaning of the statute. Dkt. 4 at 4 (citing Tex. Bus. & Com. Code Ann. § 17.50). The court agrees. A DTPA cause of action requires a plaintiff to establish (1) their status as a "consumer," (2) that "the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action"; and (3) causality between the deceptive act and the plaintiff's damages. *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Brown v. Bank of Galveston, Nat'l Ass'n*, 963 S.W.2d 511, 513 (Tex. 1998)).

There are two requirements to qualify as a consumer under the DTPA. "First, the person must seek or acquire goods or services by lease or purchase." *Id.* (citing Tex. Bus. & Com. Code Ann. § 17.45(4)). "Second, the goods or services sought or acquired must form the basis of the party's complaint." *Id.* (citing *Melody Home Mfg. Co. v. Barnes*, 41 S.W.2d 349, 351–52 (Tex. 1987)). "If either requirement is lacking, the party must look to the common law or some other statutory provision for redress." *Id.* (citations omitted).

"'Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service.'" *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 477 (S.D. Tex. 2012) (Rosenthal, J.) (quoting *Fix*, 242 S.W.3d at 160). "Courts have held that 'subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'good or services' element of the

4

DTPA.'" *Id.* (quoting *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011)). In *Brush*, Judge Rosenthal held that plaintiffs did not have a viable DTPA claim "[b]ecause [they] sought to modify their mortgage loan and not to acquire, by purchase or lease, a 'good' or 'service.'" *Id.* Similarly, the basis of Jackson's complaint here is Nations Direct's actions with regard to the loss mitigation refinance and the foreclosure process. Thus, "[Jackson] is not a consumer under this definition because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x. 274, 279 (5th Cir. 2014) (not for publication) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013)). Accordingly, Jackson's DTPA claim must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Nations Direct's motion to dismiss (Dkt. 4) is **GRANTED**.

Nations Direct asks this court to dismiss Jackson's claims with prejudice. Dkt. 4 at 6. Despite recognizing that "leave to amend a complaint should be freely given when justice requires," Nations Direct argues that "there is no viable cause of action hidden within the Petition" such that any amendment would be futile. *Id.* Yet Nations Direct recognizes that Jackson "may be attempting to state a claim for breach of contract." *Id.* at 4. Accordingly, the court is not persuaded that any amendment would be futile. Thus, the court will afford Jackson twenty-one (21) days from the date

of this order to file an amended complaint stating a claim against Nations Direct. Failure to file an amended complaint within twenty-one (21) days will result in dismissal with prejudice for want of prosecution.

    Signed at Houston, Texas on February 21, 2020.

_____
Gray H. Miller
Senior United States District Judge